IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BARBARA BLOCK

                      Plaintiff,                      OPINION AND ORDER

  v.

                                                            14-cv-553-wmc

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                      Defendant.

---

      Pursuant to 42 U.S.C. § 405(g), plaintiff Barbara Block seeks judicial review of a final decision of defendant Carolyn W. Colvin, the Acting Commissioner of Social Security, finding that she was not disabled within the meaning of the Social Security Act. After full briefing, the court heard oral argument on September 1, 2015, to consider plaintiff's principal assertion that the administrative law judge ("ALJ") erred by failing to provide a sound explanation for essentially giving no weight to the opinion of Dr. Feng Lu as Block's treating physician, including improperly applying the factors listed in 20 C.F.R. § 404.1527(c)(2). Because the court agrees that the ALJ's decision provides no basis to evaluate his consideration of Dr. Lu's opinion, this case must be remanded to the Commissioner for further proceedings.

BACKGROUND

      As discussed in more detail in the ALJ's written decision, plaintiff's brief and during oral argument, plaintiff claims she became unable to work when her back and

knee pain became unbearable in May 2012. (AR 33.)[1] Dr. Feng Lu first evaluated Block on December 13, 2012, after a referral from her primary physician.[2] (AR 257-58.)

After evaluating and treating Block five times for pain management of back and knee abnormalities arising out of multiple surgeries on both, Dr. Lu offered her opinion in the form of a "Physical Residual Functional Capacity ("RFC") Questionnaire." (AR 335.) Citing Block's low back and right knee pain, Dr. Lu indicated that Block could sit for 45 minutes at a time and stand for twenty minutes at a time, totaling about two hours of standing and four hours of sitting in an eight-hour work day. (AR 336-37.) She also indicated that Block's pain would frequently be severe enough to interfere with her attention span and require her to take unscheduled breaks. (*Id.*) Most significantly, Dr. Lu opined that Block was capable of low stress jobs permitting her to change positions frequently, but estimated that she would be absent from work more than four days per month because of her impairments. (AR 336, 338.)

Without evaluating Block in person, the state disability medical consultants, Dr. Syd Foster and Dr. Pat Chan, determined by reviewing medical files that Block could both sit and stand for about six hours in an eight-hour workday. (AR 62, 70.) The consultants also determined that Block had a "[l]ight RFC [with] occasional crouching," meaning that she could perform her past relevant work. (AR 63-64, 71-72.)

---

[1] The cites in this Order are drawn from the administrative record ("AR"). (Dkt. #9.)

[2] While the ALJ's decision refers to Dr. Lu as a male, the record confirms that Dr. Lu is a female, including Block's testimony during the evidentiary hearing before the ALJ.

After a short hearing during which Block and a vocational expert appeared by videoconference, the ALJ found Dr. Lu's opinions were "not persuasive," instead affording great weight to the contrary assessments of Block's RFC provided by Dr. Foster and Dr. Chan. Consistent with those findings, the ALJ determined that Block had RFC allowing her to perform light work,[3] except that she could crouch only occasionally. (AR 15.) During the hearing, when the ALJ posed a hypothetical question involving an individual with Block's age, educational level, work experience and those limitations, the vocational expert testified that the individual could perform Block's past relevant work, as well as other jobs involving light work but only requiring occasional crouching. (AR 50-51.) The ALJ ultimately determined, therefore, that Block was not disabled. (AR 20.)

OPINION

**A. Standard**

The Seventh Circuit has established that "[a] treating physician's medical opinion is entitled to controlling weight if it is well supported by objective medical evidence and consistent with other substantial evidence in the record." *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013). If a treating physician's opinion is rejected as controlling, the ALJ

---

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

3

must provide "a sound explanation for the rejection." *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011); *see also Scott v. Astrue*, 647 F.3d 734, 739 (7th Cir. 2011) ("An ALJ must offer good reasons for discounting the opinion of a treating physician." (quotation marks omitted)). The court must also consider whether the ALJ properly addressed the factors laid out in 20 C.F.R. § 404.1527(c)(2) in determining what weight, if any, to give the treating physician's opinion. *See* SSR 96-2P, 1996 WL 374188, at *4 (stating that "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 CFR 404.1527"). These factors address:

   (1) the length, nature, and extent of the treatment relationship;

   (2) the extent to which the physician supported [her] opinions with relevant evidence;

   (3) the extent to which the opinion is consistent with the record as a whole;

   (4) whether the physician is a specialist in the relevant field; and

   (5) any other factors that tend to support or contradict the opinion.

*See* 20 C.F.R. § 404.1527(c); *see also Scott*, 647 F.3d at 740.

Both parties acknowledge that Dr. Lu qualifies as a "treating physician" in this case. *See Jelinek*, 662 F.3d at 811. Moreover, although the ALJ failed to state expressly what weight he gave to Dr. Lu's assessment, only declaring that he did not find it "persuasive" (AR 19), the court agrees with counsel for both sides that he effectively gave no weight to Dr. Lu's opinion.

4

### B. Opinions of Treating Physicians

Despite this, the ALJ's decision fails to offer any meaningful *explanation* for his wholesale rejection of Dr. Lu's assessment. For example, after stating in conclusory fashion that the opinions of the state agency consultants were supported by the medical evidence, the ALJ then listed certain of Dr. Lu's examination results without explanation of how those results were inconsistent with the state consultants' opinions, much less undermined Dr. Lu's own medical opinions. In particular, the ALJ noted that Dr. Lu found Block exhibited "decreased right knee flexion" and "lateral trunk deviation," but failed to indicate how those results undermine Dr. Lu's opinion as to the legitimacy of Block's chronic pain issues, much less justified giving those findings *no* weight. (AR 19.) Similarly, while the ALJ's decision mentions that Lu performed two spinal injections to relieve the pain in Block's back, he does not suggest that fact fails to support Dr. Lu's pain findings. If anything, these injections *support* Lu's findings as it would be illogical to conclude that Lu would have administered, much less that Block would have elected to undergo, having a needle inserted into her spine on two separate occasions unless she was suffering from severe pain. Even if the ALJ had offered some legitimate reason to discount Dr. Lu's opinion, remand would still be in order given his failure to engage in a meaningful analysis of the § 1527 factors in light of the full record.

Even if this court were to accept the ALJ's partial application of the § 1527 factors (despite the ALJ not mentioning any by name), the reasons provided fall far short of justifying his affording *no* weight to Dr. Lu's opinions as a treating physician. For example, the ALJ would make much of the fact that in filling out Block's RFC

5

questionnaire, Dr. Lu apparently first marked that Block's pain would "frequently" interfere with her capacity to concentrate before changing the response to "occasionally," and then ultimately settling on "frequently" again. As an initial matter, a better reading of Dr. Lu's possible initial indecision in opining on Block's residual ability for concentration, persistence and pace ("CPP") is that she was filling out the form in a deliberative, rather than thoughtless, manner. Even if the court were to credit the ALJ's contrary inference, it would only raise a question as to the strength of Dr. Lu's opinion of Block's residual capacity to concentrate. Indeed, following the ALJ's questionable logic, Dr. Lu's apparent decisiveness in filling out *every* other question would also prove the depth and strong conviction of her other responses.

Similarly, the ALJ questioned the reliability of Dr. Lu's opinion's as reflected in the RFC questionnaire, because she did not explain what was meant by her response "depends" to a question about Block's need to take unscheduled breaks during the work day. Rather than reflect negatively on Dr. Lu's confidence in her opinion, however, a more obvious reading of her response is that the frequency of Block's unscheduled breaks would depend on the severity of her pain on any given day, particularly since Dr. Lu indicated in the same questionnaire that Block's impairments would likely cause her to have "good days" and "bad days." (AR 338.)

Once again, the ALJ seems to adopt needlessly erroneous inferences by equating supposed diffidence on Dr. Lu's part in answering a single question with evidence of uncertainty overall. If anything, as previously noted, an inference of certitude would seem to be required with respect to the other questions. Of course, the real point with

6

respect to both of these examples is that the ALJ seems to have placed far more weight on his own dubious deductions regarding supposed abnormalities in Lu's questionnaire responses than on Dr. Lu's straightforward responses themselves. At best, the ALJ's speculations about ambiguities in Lu's response might have justified following up with her directly as to that response before closing the record, certainly not disregarding Dr. Lu's opinions altogether.[4]

Finally, the ALJ fails to give any weight to the back injections administered by Dr. Lu in evaluating the "nature" and "extent" of the treatment relationship between Lu and Block. *See Scott*, 647 F.3d at 740. Since these injections tend to show a level of mutual belief and commitment to resolving Block's severe back pain, the omission seems particularly inexplicable.

For all of these reasons, remand is required for further review and explanation by the ALJ before this court can be satisfied that he fairly examined the record as a whole and "weighed the merits of [the treating physician's] opinion, let alone engaged in the careful analysis required by the regulations and case law." *Jelinek*, 662 F.3d at 811; *see also Herron v. Shalala*, 19 F.3d 329, 333 (holding that the ALJ's decision must be based upon consideration of all the relevant evidence and "articulate at some minimal level his analysis of the evidence" in order for the court to engage in meaningful appellate review); *Matton v. Colvin*, No. 12-cv-406-wmc, 2014 WL 1794573, at *5 (W.D. Wis. May 5,

---

[4] Although neither before the ALJ nor this court on the current record, the ALJ might consider on remand, along with all the other § 1527 factors, whether Dr. Lu qualifies as a specialist in the relevant field of medicine. (*See* https://www.marchfieldclinic.org/Pages/ProviderDetail.aspx?TermStoreId=0aed18be-c6b9-4c58-bbc4-044ae05f0fcb&TermSetId=ce4edc81-7e19-493b-8vd0-9 (indicating that Dr. Lu's "practice focuses on back and spinal injuries").

2014) (stating that the ALJ's failure to discuss the § 1527 factors and ignoring of relevant evidence alone warranted remand). Of course, the court does not mandate that *any* medical opinion in this record be given a particular weight, nor does it mandate a finding of disability. Rather, on remand the ALJ must articulate good reasons for the weight assigned Dr. Lu's opinion as a treating physician, if any, consistent with the factors set forth in 20 C.F.R. § 404.1527(c).

ORDER

IT IS ORDERED that the decision of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, denying plaintiff's application for disability benefits is REVERSED AND REMANDED under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion. The clerk of court is directed to enter judgment for plaintiff and close this case.

Entered this 3rd day of September, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
U.S. District Court Judge